UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MERCY CORTORREAL,                                       Civil Action No.:

                          Plaintiff,
                                                                            **COMPLAINT**

      -against-

REYES FASTEST SHIPPING INC. and
WILSON ROBINSON REYES CASTILLO,

                             Defendants.
-------------------------------------------------------------------------X

Plaintiff Mercy Cortorreal ("Plaintiff"), by her attorneys, The Law Offices of Jacob Aronauer, as and for her Complaint against Defendants, Reyes Fastest Shipping Inc. ("RFS") and Wilson Robinson Reyes Castillo ("Castillo") (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA") for the failure of Defendants to pay Plaintiff lawful wages during the time she worked for Defendants. Plaintiff seeks all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 *et seq.* (the "NYLL"), and 12 N.Y.C.R.R. §146. Plaintiff seeks all unpaid overtime and minimum wages, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Southern District and the residence of Defendants are within the Southern District.

## PARTIES

6. Plaintiff is an individual who resides in the State of New York.

7. Upon information and belief, RFS is a domestic corporation authorized to do business in the State of New York, with their principal place of business located in the County of Bronx, State of New York.

8. Upon information and belief, Castillo is an officer, director, manager and/or majority shareholder or owner of the RFS and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a); NYLLC § 609(c).

9. Upon information and belief, Castillo is the owner and an officer of RFS.

10. At all relevant times, Castillo had the power to hire, fire, and control the wages and working conditions of Plaintiff.

11. Castillo had authority to, and did in fact, exercise operational control over RFS.

12. Castillo determined Plaintiff's salary and work schedule.

13. At all relevant times, Defendants were covered by the FLSA and the NYLL.

14. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203 in that they have employees engaged in commerce or in the production of goods and/or services for commerce, and/or have employees handling, selling, or otherwise working on goods, materials and/or services that have been moved in or produced for commerce by any person, with gross volume of sales made or business done of not less than $500,000 per year.

15. At all relevant times, Plaintiff engaged in commerce and/or engaged in the production of goods and/or services for commerce on behalf of Defendants.

16. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

17. From January 16, 2023 until August 4, 2023 Plaintiff worked for Defendants.

18. Plaintiff worked for Defendants as a secretary.

19. As a secretary, Plaintiff primarily received calls from clients who wanted to ship items to and from the Dominican Republic.

20. Plaintiff was non-exempt under the FLSA and the NYLL.

21. During her employment, Plaintiff worked Monday through Saturday from 10:00 a.m. until 6:00 p.m.

22. Plaintiff was paid approximately $400 each week.

23. Plaintiff's salary was not inclusive of overtime wages. Rather, she was just paid for the first 40 hours she worked each week.

24. Plaintiff was paid by Defendants in cash.

**Defendants' Violations of the Wage Theft Prevention Act**

25. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates.

26. Throughout the relevant time-period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

27. Plaintiff was never given a notice in English and her native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" named used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages – FLSA)**

28. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

29. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

30. During her employment, Plaintiff received $400 weekly, without any premium pay for hours worked in excess of 40 per workweek.

31. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which she is entitled.

32. Plaintiff seeks damages for her unpaid overtimes wages, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Wages - NYLL)

33. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

34. The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

35. During her employment, Plaintiff received $400 weekly, without any premium pay for hours worked in excess of 40 per workweek.

36. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which she is entitled.

37. Plaintiff seeks damages for his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wage-NYLL

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants

have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

40. At all times relevant, Plaintiff was covered by the NYLL.

41. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

42. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

43. Through their knowledge and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

44. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(Wage Notice Violation- NYLL)**

45. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

46. Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

47. Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

## FIFTH CAUSE OF ACTION
### (Wage Statement Violation- NYLL)

48. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

49. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

50. Due to Defendants' violations of NYLL §195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited

Liability Company Law ("LLCL") §609, Plaintiff hereby advises that it intends to hold Defendants' top ten shareholders and/or members liable for the unpaid wages referenced herein. Further, Plaintiff demands that Defendants permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

A. Damages for all amounts of unpaid wages under the FLSA and/or the NYLL;

B. All liquidated damages in an amount equal to wages owed and other statutory remedies provided for under the FLSA and/or NYLL;

C. Pre- and post-judgment interest;

D. Reasonable costs and attorneys' fees; and

E. An award of such other and further relief as this Court deems necessary and proper.

Dated: May 22, 2024
New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s Jacob Aronauer*
Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
jaronauer@aronauerlaw.com
(212) 323-6980