UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCY CORTORREAL,

                Plaintiff,

         -v-

REYES FASTEST SHIPPING INC., ET AL.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/20/2025_____

**ORDER**

24-CV-3948 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c).  For the reasons stated below, the Court will not approve the proposed settlement in its current form.

## DISCUSSION

    On January 4, 2025, the parties submitted a joint letter request that the Court approve their settlement agreement, ECF No. 63 ("Letter"), a fully executed copy of which was submitted therewith.  Ex. A to Letter ("Settlement Agreement").  The Settlement Agreement indicates that Defendants will pay a total of $8,000.00 to settle Plaintiff's claims—$5,063.32 of which will go to Plaintiff, and $2,936.68 to her attorneys.  Settlement Agreement ¶ 1(i)–(iii).  As explained below, while the overall amount of the settlement is fair and reasonable, the Court cannot approve the settlement in its current form because of the "Covenant Not to Sue, etc." provision.  *See* Settlement Agreement ¶ 5.

A.      **Legal Standards**

A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). This action therefore cannot be dismissed with prejudice until the Court has satisfied itself that the resolution proposed by the parties is "fair and reasonable." *See, e.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate "the bona fides of the dispute." *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At minimum, this includes information on "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). The Court will also review a proposed award of attorney's fees to ensure that they are reasonable. *Wolinsky*, 900 F. Supp. 2d at 336.

B.      **The Total Settlement Amount Is Fair and Reasonable**

The Court begins its analysis of the total settlement amount by comparing its size to that of Plaintiff's potential recovery at trial. *See Thornhill v. CVS Pharmacy,*

2

*Inc.*, No. 13-CV-5507, 2014 WL 1100135, at * 1–2 & n.1 (S.D.N.Y. Mar. 20, 2014).
The parties submitted a calculation of Plaintiff's potential damages. *See* Ex. B to
Letter. Under Plaintiff's calculations, Plaintiff could recover $5,800.00 in unpaid
minimum wages, $5,220.00 in unpaid overtime wages, $11,020.00 in liquidated
damages, and $10,000.00 in wage notice damages. *Id.* The lump sum recovery of
$8,000.00 represents approximately 73% of Plaintiff's unpaid wages and
approximately 25% of Plaintiff's best-case recovery.

This discount of Plaintiff's claims is justified because this litigation presents
significant risks. Defendants' position is that Plaintiff is entitled to nothing. *See*
Letter at 2. Plaintiff acknowledges the significant risk in obtaining any recovery in
this action due to the uncertainty of protracted litigation, motion practice, and
appeals. *See id.* at 3.

The Court is satisfied that the settlement amount appropriately reflects the
range of possible recovery, the risks of litigation, and the difficulty of collecting a
larger judgment. The Court is also satisfied from the parties' representations and
the undersigned's role in the mediation of this action that an arms-length
negotiation took place between experienced counsel. *Id.* Accordingly, the overall
settlement amount of $8,000.00 is fair and reasonable.

C.     **The Court Will Not Approve the Proposed Settlement's
       "Covenant Not to Sue" Provision**

The Court has reservations about the "Covenant Not to Sue" provision, *see*
Settlement Agreement ¶ 5, which prevents it from being approved at this time.
This provision states that Plaintiff agrees, *inter alia*, not to "confer, communicate

with, or assist any third party in bringing . . . any claim pursuant to the Wage and

Hour Statutes against any Releasee." *Id.* The Letter contains no discussion of this

clause, which is similar to provisions in proposed settlements that have been

rejected by courts in this district as contrary to the remedial aims of the FLSA. *See,*

*e.g., Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631 (Apr. 21, 2016).

Consequently, "courts routinely reject provisions that bar a FLSA plaintiff from

cooperating with other claimants." *Ramirez v. Columbus Rest. Fund IV, LLC*, No.

20-CV-8053, 2022 WL 429089, at *3 (S.D.N.Y. Jan. 10, 2022) (internal citations

omitted); *see also Anzovino v. Wingate of Dutchess, Inc.*, No. 21-CV-7625, 2023 WL

348024, at *3 (S.D.N.Y. Jan. 20, 2023).

To remedy this issue, the parties may remove the provision or provide

authority and argument supporting the proposition that the inclusion of this

provision in the Settlement Agreement is fair and reasonable.

**D.      The Attorney's Fees and Costs Requested Are Reasonable**

Finally, the Court turns to the issue of attorney's fees. "A court may

calculate a reasonable attorney's fee either by determining the so-called 'lodestar'

amount or by awarding a percentage of the settlement." *Rodriguez v. 3551 Realty*

*Co.*, No. 17-CV-6553, 2017 WL 5054728, at *2 (S.D.N.Y. Nov. 2, 2017).

Plaintiff's counsel states that he "represents clients (the present plaintiff

included) on a contingency-fee basis, calculated during this case at 33.33% percent

[sic] after reimbursement of expenses." Letter at 4. The Letter explains and the

Settlement Agreement indicates that Plaintiff's counsel deducted $405.00 in costs

from the total settlement amount, then retained 33.33% in attorney's fees and

provided Plaintiff with the remaining 66.67%. *See id.*; Settlement Agreement ¶ 1(i)–(iii). Accordingly, Plaintiff's counsel seeks an award of attorney's fees and costs totaling $2,936.68. *See* Settlement Agreement at ¶ 1(i)–(iii). The Court finds that this is a reasonable fee award as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019).

Further, "courts in this circuit use the lodestar method as a cross-check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* (cleaned up). Plaintiff's counsel submitted billing records for one attorney, Jacob Aronauer, whose proposed rate is $500.00 per hour, and for paralegals at his law firm whose proposed billing rate is $175.00 per hour. *See* Letter at 5. The billing records indicate that Aronauer spent a total of 10.7 billable hours on this matter and the paralegals spent a total of 12.84 billable hours on this matter. Ex. C to Letter. Based upon the proposed rates and billing records, (but making no finding as to the reasonableness of the rates) Plaintiff's counsel's lodestar is $7,597.00. The lodestar of $7,597.00 compared to the requested $2,531.68 (net of costs) results in a lodestar multiplier (net of costs) of approximately 0.33. Courts in this District have recognized that a "multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).

Even if these fees were recalculated using lower billing rates well within the range that have been found reasonable in this District, the loadstar multiplier would still be very low. For example, recalculating the fees using a partner rate of $400.00 per hour and paralegal rate of $125.00 per hour,[1] the fee would amount to $5,885.00 ($4,280.00 for Aronauer and $1,605.00 for paralegals),  This would result in a loadstar multiplier (net of costs) of 0.43.  These lodestar multipliers further support the Court's conclusion that the requested $2,936.68 in attorney's fees and costs is reasonable.

## CONCLUSION

For the reasons stated above, the parties' request to approve the proposed settlement is denied without prejudice to the filing of a new motion for approval of a revised settlement agreement.

The parties are directed to meet and confer to revise the settlement agreement in accordance with the Court's ruling above.  The parties should submit a revised settlement agreement and letter explaining why the settlement agreement should be approved by March 20, 2025.  If the parties are unable to reach a revised agreement, the parties should instead submit a joint status letter outlining next steps for this case by March 20, 2025.

---

[1] These lower rates are within the range that courts in this district regularly approve as reasonable.  *See Rodriguez*, 2017 WL 5054728, at *3 (noting that a rate of $400.00 per hour for partners is reasonable); *Montes v. 11 Hanover Grp. LLC*, No. 17-CV-9376, 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (reducing partner's hourly rate to $400.00); *see also Diaz-Caballero v. Midtown Catch Corp.*, No. 18-CV-4672, 2020 WL 8880944 (S.D.N.Y. Apr. 15, 2020) ("Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this district.") (cleaned up).

**SO ORDERED.**

Dated: February 20, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge