UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCY CORTORREAL,

                Plaintiff,

    -v-

REYES FASTEST SHIPPING INC., ET ANO.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/2025

**ORDER APPROVING SETTLEMENT AND DISMISSING CASE**

24-CV-3948 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c).

    On January 4, 2025, the parties submitted a joint letter request that the Court approve their settlement agreement, along with a fully executed version of the settlement agreement and documents in support of the damages calculation and requested attorney's fees. ECF No. 63. On February 20, 2025, the Court denied the parties' request to approve the settlement agreement in its submitted form due to an improper "covenant not to sue" provision, but without prejudice to revise the settlement agreement and resubmit it for approval. ECF No. 64. On March 12, 2025, the parties' filed a letter requesting that the Court approve their revised settlement agreement, a fully executed copy of which was submitted therewith. ECF No. 65 (the "Revised Settlement Agreement").

1

A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

The Court has carefully reviewed the Revised Settlement Agreement as well as the parties' submissions in support of their first request for approval. The Court finds that the Revised Settlement Agreement eliminated the improper provision identified in its prior denial order. The Court has also taken into account, without limitation, prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of attorney's fees; and the possibility of fraud or collusion. Among other attributes of the Settlement Agreement, there are no confidentiality restrictions; the release is narrowly tailored to wage and hour claims; and the attorneys' fees are within a fair, reasonable, and acceptable range. Considering all the circumstances, the Court finds that the Settlement Agreement is fair and reasonable and it is hereby approved.

This case, having resolved by settlement, is hereby dismissed and discontinued in its entirety, with prejudice, without costs or fees to any party, except as provided for in the Revised Settlement Agreement.

At the parties' request, *see* Revised Settlement Agreement ¶ 4, the Court will retain jurisdiction for the limited purpose of enforcing the Revised Settlement Agreement.

The Clerk of Court is respectfully requested to terminate all motions and deadlines, and to close this case.

**SO ORDERED.**

Dated: March 13, 2025
      New York, New York

                                                  Henry J. Ricardo
                                                  United States Magistrate Judge